UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS JR.,

                Plaintiff,

     v.

YAKIMA COUNTY SUPERIOR COURT,
et al.

                Defendant.

CASE NO. 2:26-cv-00375-LK-DWC

ORDER ADOPTING REPORT AND
RECOMMENDATION

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge David W. Christel. Dkt. No. 3. Objections were due by February 20, 2026. *Id.* at 3. Demos has not filed objections. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee's note to the 1983 addition (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). Seeing no clear error,

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

the Court adopts the R&R, denies Demos' application to proceed *in forma pauperis* (IFP), and dismisses the case with prejudice.

## II.    DISCUSSION

The background facts and procedural history are set forth in the R&R and are adopted here. Dkt. No. 3. Demos is subject to pre-filing bar orders in this district, *id.* at 2, as well as in the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). Demos has failed to abide by these bar orders for at least three reasons.

First, bar orders in this Court prohibit Demos from filing more than three IFP applications and proposed actions each year. Dkt. No. 3 at 2 (citing *In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("1992 Bar Order")). In violation of that order, Demos has filed at least twelve prior lawsuits this year. *Id.* at 3. Second, under the 1992 Bar Order, the Court will not accept a proposed complaint from Demos unless it is accompanied by an affidavit that the claims have not been presented in another action and that Demos can produce evidence to support his claims. *Id.* at 2. Demos has not provided with his complaint an affidavit that meets the requirement of the bar order. *Id.* Third and finally, under 28 U.S.C. § 1915(g), Demos must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Holbrook*, 848 F. App'x 779, 779 (9th Cir. 2021). He has not demonstrated any danger of injury in his complaint, which appears to allege fraud on the part of various government officials. *See* Dkt. No. 3 at 2–3*; see generally* Dkt. No. 1. Each of these reasons independently provides grounds to deny Demos' IFP application and dismiss his complaint.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) the Court ADOPTS the Report and Recommendation, Dkt. No. 3;

(2) the Court DENIES Demos' IFP application, Dkt. No. 1; and

(3) the Court DISMISSES this case with prejudice.

The Clerk is directed to send an uncertified copy of this Order to Demos at his last known address.

Dated this 27th day of February, 2026.

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3